UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
      v.                     )    Civ. A. No. 95-1211 (RCL)
                             )
AMERICAN BAR ASSOCIATION     )    **FILED**
                             )
            Defendant.       )    FEB 0 6 2001
_____)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM AND ORDER

Now before the Court are two motions to modify the Final
Judgment entered in this case on June 25, 1996.  Both parties,
the United States and the American Bar Association, agree on the
modification.  Finding that the modification is in the public
interest, the Court GRANTS the plaintiff's and the defendant's
motions.


BACKGROUND

In 1995, the Antitrust Division of the United States
Department of Justice filed a civil suit in this Court against
the American Bar Association ("ABA").  The complaint alleged that
the ABA had restrained competition by fixing compensation levels
of professional personnel at ABA-approved schools and by acting
in ways to limit competition from non-ABA-approved schools.  The

Final Judgment[1] in the case enjoined the ABA from engaging in
certain anticompetitive practices and promulgated new procedures
which the ABA must follow in its accreditation process.  One of
these procedures dealt with the ABA's final accreditation
decisions.

Prior to the Final Judgment, accreditation decisions at the
ABA were made by a Council which was composed of, inter alia, an
Accreditation Committee and a Standards Review Committee.  The
Accreditation Committee would evaluate individual applications
and make recommendations regarding whether or not to accredit a
particular school.  The Standards Review Committee reviewed
current accreditation standards and proposed new standards, as
well as interpretations of those standards.  While new standards
were forwarded to the ABA House of Delegates for final approval,
interpretations of those standards were not similarly treated.

The Antitrust Division regarded the House of Delegates lack
of supervision over standard interpretations as problematic.
According to the government's findings, the members of the
Standards Review Committee had a direct economic interest in the
outcome of their interpretations.  The 1996 Final Judgment
attempted to correct this by ordering that interpretations of
standards made by the Standards Review Committee be reviewed by

---

[1]    The Final Judgment in this case was issued by Judge
Richey on June 25, 1996.  *See United States v. American Bar
Assoc.*, 934 F. Supp. 35 (D.D.C. 1996).  Due to Judge Richey's
death, this case was reassigned to the undersigned judge when the
current motion for modification was made.

the ABA's full House of Delegates. This new arrangement appeared successful until the following year.

In 1997, the ABA applied to the Department of Education ("DOEd") for a renewal of its status as a nationally-recognized accrediting agency.  The DOEd evaluated the ABA's accreditation procedures, particularly in light of 20 U.S.C. § 1099(a)(3), (b) and 34 C.F.R. § 602.14(a), (b).  These laws require a trade association wishing to retain its status as an accrediting agency to follow, inter alia, three standards in administering its accreditation program.  First, the trade association may not make its own accreditation decisions, but rather must see to it that they are made by a "separate and independent" body.  Second, the members of the accrediting body may not be selected by the trade association's president or board of directors.  Third, 1/7 of the accrediting body's members must come from the general public, not the trade association's membership.

The DOEd, after concluding its evaluation of the ABA's accreditation program in February 2000, determined that the practice of having the ABA's full House of Delegates approve the accreditation decision violated the above accreditation rules. With an interest in complying with applicable laws, but also retaining some independent oversight of the accreditation process, the Antitrust Division and the ABA sought advice from the DOEd on how to restructure the ABA's accreditation process.

Based on the DOEd's suggestions, the Antitrust Division and the ABA devised a process whereby final accreditation-related

-3-

decisions would be made according to a review and remand process.
Under the new process, the ABA House of Delegates would review
accreditation-related decisions made by the Council, and, if
found to be questionable, remand the decision to the Council for
further consideration.  The House of Delegates may remand a
Council decision twice, but must accept it the third time it is
submitted for review.'  Under no circumstances may the House
reverse a Council decision on accreditation.  The DOEd has
indicated that these new procedures will not violate any
applicable laws.

    These new procedures, upon which the government and the ABA
are in full agreement, are what the government proposes as
modifications to the 1996 Final Judgment.  The Court now
considers whether these modifications are permissible.

**ANALYSIS**

## I.    Standard of Review

    When, as here, all parties to a final judgment assent to its
modification, a court is "bound to accept any modification that
the [Antitrust Division] . . . reasonably regard[s] as advancing
the public interest."  *United States v. Western Elec. Co.*, 993
F.2d 1572, 1576 (D.C. Cir. 1993).  It should be stressed that the
court's function is not to undertake its *own* evaluation of what

---

        On a Council decision to remove ABA-accreditation, the
House of Delegates may only remand once, and must accept the
decision on the second submission.

is in the public interest, but rather just to ensure that the
proposed modification is within the "*zone of settlements
consonant with the public interest.*" *United States v. Western
Elec. Co*, 900 F.2d 283, 309 (D.C. Cir. 1990) (emphasis in
original). *See also Western Elec.*, 993 F.2d at 1576. Put more
fully, "the court's function is not to determine whether the
resulting array of rights and liabilities is the one that will
best serve society, but only to confirm that the resulting
settlement is within the reaches of the public interest." *United
States v. Microsoft Corp.*, 56 F.3d 1448, 1460 (D.C. Cir. 1995)
(quoting *Western Elec. Co*, 900 F.2d at 309).

## II.   The Proposed Modification

Viewing the government's proposed modification under the
deferential standard ordered by the Court of Appeals, the Court
finds that the government's proposed modification is one that is
within the "zone of settlements consonant with the public
interest," and is therefore acceptable.

The Court starts first with the observation, which has never
been corrected on appeal or otherwise, that the Final Judgment
entered in 1996 by Judge Richey is in the public interest. Thus,
the Court is faced with the question of whether the proposed
modification alters the judgment so much that it is no longer
within the public interest. At its core, the proposed

-5-

modification alters the judgment by eliminating the *power* of the
ABA House of Delegates to make accreditation decisions.
Importantly, however, it does not reduce the House's capacity for
oversight.

The Court cannot fathom that this alteration takes the 1996
Final Judgment out of the public interest.  If anything, it
furthers the public interest by more properly complying with DOEd
accreditation regulations.  To hold otherwise would be
nonsensical, as it would suggest that altering a judgment to
bring it into compliance with federal law is not in the public
interest.  There is simply no way around the fact that a judgment
found once to be in the public interest cannot somehow be removed
from it when it is altered only inasmuch as necessary to comply
with federal law.

Despite this straightforward conclusion, several members of
the academic community find fault with the government's proposed
modification.  As an initial matter, mere disagreement with a
decision, even if significant, is not enough to render a
modification outside the public interest.  As the Court of
Appeals has observed, a court "should not reject an otherwise
adequate remedy simply because a third party claims it could be
better treated."  *United States v. Microsoft Corp.*, 56 F.3d 1448,
1461 n.9 (D.C. Cir. 1995).

With this in mind, the Court is confident that the judgment
as modified is squarely in the public interest.  The arguments
filed against the government's modification stray far from the

-6-

central issue of the public interest.  They range from personal
grievances with ABA conduct to attacks on the lawfulness of DOE
regulations.[3]  In any event, to the extent that any of the
arguments elucidate the public's interest in this issue, the
Court finds them insignificant when compared to the slight
modification, the impetus for which is compliance with federal
law.  But even if the arguments were much more persuasive, the
Court would not be bound to accept them.  Rather, it is much the
opposite.  The Court is "bound to accept any modification that
the [Antitrust Division] . . . reasonably regard[s] as advancing
the public interest." *Western Elec*. *Co.*, 993 F.2d at 1576.  The
Court finds that the Antitrust Division is reasonable in its
belief that the modification is in the public interest, and
therefore dutifully accepts the modification.

---

      The Court notes that the Massachusetts School of Law's
amicus brief, while comprehensive in certain respects, is largely
devoid of the public interest arguments relevant to this
proceeding.  While the brief reveals the school's immense
dissatisfaction with the ABA's accreditation process, it fails to
sufficiently focus on the core issue before the Court: the
*modification* to the judgment.  As the 1996 Final Judgment has
already been found to be in the public interest, the failure to
address the modification is tantamount to not addressing the
current issue before the Court at all.  Perhaps the school's
grievances may give rise to a separate cause of action, as they
have in the past.  In this proceeding however, the complaints are
not persuasive.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the plaintiff's motion to modify the final judgment is GRANTED; further, it is

ORDERED that the defendant's motion to modify the final judgment is GRANTED; further, it is

ORDERED that the Massachusetts School of Law's motion for leave to file an amicus curiae brief is GRANTED.

SO ORDERED.

Date: __2-6-01__

ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE