UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                                )<br>         Plaintiff,                                   )<br>                                                                )<br>    v.                                                       )     Civil Action No. 95-1211 (RCL)<br>                                                                )<br>AMERICAN BAR ASSOCIATION,      )<br>                                                                )<br>         Defendant.                               )<br>_____)  | |

**ORDER**

FILED

JAN 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The attached letter and motion, improperly mailed directly to chambers and stamped "Confidential," with no certificate of service on the parties in the case, shall be filed in the record of this case, and the Clerk shall provide copies to all counsel. See Local Civil Rule 5.1(b).

Mr. Corrigan must first seek leave to intervene, post-judgment, before the attached motion can be docketed and considered.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, January 24, 2006.

Michael Corrigan
124-09 15th Avenue
College Point, New York 11356
917-748-5544

RECEIVED
JAN 1 8 2006
CHAMBERS OF
JUDGE LAMBERTH

Att 1
FILED
JAN 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CONFIDENTIAL

January 10, 2006

The Honorable Royce C. Lamberth
United States District Court
For the District of Columbia
U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

RE: United States of America v. American Bar Association
No. Civ. A. No. 95-1211 (RCL)

MOTION FOR A MODIFICATION AND EXTENTION OF THE CONSENT DECREE

Dear Judge Lamberth:

I am submitting this motion to the Court to request the modification and extention of the consent decree entered in the above captioned matter. In my view, as a victim of the American Bar Association's illegal antitrust activities as charged by the United States, the consent decree has not been and is not in the interests of justice.

I plead with the Court to review and remedy the efficacy of the consent decree. In addition to the attached motion, I am prepared to appear in Court to address any and all concerns regarding my motion or any matter connected to my personal situation and the above referenced matter.

I thank you for your attention to this matter.

Respectfully,

Michael Corrigan

RECEIVED
JAN 1 8 2006
CHAMBERS OF
JUDGE LAMBERTH

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---------------------------------------------)
UNITED STATES OF AMERICA,    )    Judge: Royce C. Lamberth
                             )
            Plaintiff,       )    Civil Action No. 95-1211 (CRR)
                             )
    v.                       )    MOTION FOR EQUITABLE RELIEF AND
                             )    THE MODIFICATION AND EXTENTION
AMERICAN BAR ASSOCIATION,    )    OF THE CONSENT DECREE FOR
                             )    VIOLATIONS OF 15 U.S.C. SECTION 1,
            Defendant.       )    SHERMAN ANTITRUST ACT
                             )
---------------------------------------------)

FILED
JAN 24 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### BACKGROUND

The United States of America filed a detailed complaint against the American Bar Association on June 27, 1995. A Final Judgment was entered on June 25, 1996 without trial or adjudication of any issue of fact or law. A consent decree was approved by the Court and remains in effect for a period of ten years. As the expiration of the consent decree approaches, I am appealing to the Court to intervene and review whether the consent decree was in the interest of justice. As the movant and a victim of the defendant's illegal activities, I assert that the consent decree was not in the interest of justice, was based on a flawed government investigation and incorrect assertions in the complaint, and the activities of the parties since the Final Judgment have served to frustrate attempts by private litigants to seek justice.

The Court's intervention in this matter is necessary due to the following reasons:

1. The plaintiff made a material error in its complaint that had a major effect upon the terms of the consent decree. On page 3, paragraph 7 of the complaint, the plaintiff asserts that "...the United States Department of Education recognizes the ABA as the only accrediting agency for law schools. Accreditation by an agency recognized by the Department enables students to obtain federal loans and other aid to pay for their education." This is not true. As a student and graduate of a state accredited law school that sought ABA accreditation during the period of the the defendant's illegal activities, the movant incurred in excess of $30,000 in federally guaranteed student loans to attend the state approved schools. Thus, the plaintiff's assertion is incorrect and consequently the government did not fully understand the scope of the harm and impact of the defendant's activities at the time the consent decree was negotiated and approved.

2. The consent decree, Section IV, is titled "Remedies Available To Private Litigants." In effect, there has been as is no meaningful remedy available to a private litigant. Extensive efforts by the movant to acquire private counsel to pursue an action the defendant have been fruitless; no attorney or legal assistance group wants to assist a client with limited financial resources pursue a legal action against the largest organization of lawyers in the world. The number of private actions brought against the defendant since the consent decree was filed has been zero.

3. Attempts by the movant to have state authorities investigate the defendant's illegal antitrust at state level have been unsuccessful. Though there are apparent violations of New York's Donnelly Act, as well as provisions of California's antitrust laws, those respective Attorneys General have not been responsive to my complaints.

4. Attempts by the movant to have the defendant, as an ethical consideration, acknowledge that its law school approval activities were not justified during the period of time preceding the consent decree, so that state bar admission authorities may consider bar examiniation applications from non-ABA school applicants during the effected period, was unsuccessful.

5. The plaintiff asserts that it conducted an "extensive investigation" prior to the consent decree filing. This is not true. The movant attended two state approved schools in California, both which sought accreditation from the defendant. Pursuant to a Freedom of Information Act request by the movant, an examination of the heavily redacted materials indicates that the plaintiff never investigated the situation in San Diego, California involving two state accredited schools seeking the defendant's accreditation, and an existing troubled school already approved by the defendant. The plaintiff did not fully appreciate the scope and impact of the defendant's activities before the consent decree was agreed upon and filed.

6. The plaintiff has been uncooperative with subsequent Freedom of Information requests filed by the movant, has ignored recent requests, and thereby frustrated the attempts by the movant obtain facts relevant and supportive of a private action against the defendant. Rather than an "extensive investigation", it appears that the plaintiff may have conducted the greatest non-investigation in antitrust history.

3

7. The plaintiff has not disclosed any recusals or conflicts of interest involving any of the attorneys employed or retained by the plaintiff to investigate, negotiate and settle the serious charges detailed in the complaint. It is highly probable that plaintiff lawyers were members of the defendant organization or sought favor with the defendant during and after the events which lead to the consent decree. The plaintiff has made no disclosures with respect to this issue whatsoever.

8. The plaintiff and defendant's objection to the intervention of the Massachusetts School of Law as an intervenor is further proof of the conspiratorial nature of the parties desire to remedy the charges among themselves, with minimal or no adverse impact to the defendant. The consent decree ensured that the defendant would never have to answer for its illegal activities and simply make some convenient modifications to the decades of illegal antitrust activities.

The movant respectfully requests that the Court intervene on behalf of the victims of the defendant's illegal activities and takes all steps necessary to modify and extend the consent decree so that interests of justice and the public may be served, and that those harmed will have effective, meaningful and appropriate remedies not provided in the original or modified consent decree. The defendant's illegal conduct caused tremendous personal loss and grief to the movant and others similarly situated.

_____
Michael J. Corrigan
Movant