IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 95-1211 (RCL) |
| v. | ) ) ) | Judge Royce C. Lamberth |
| AMERICAN BAR ASSOCIATION, | ) ) ) | |
| Defendant. | ) ) | |

**PETITION BY THE UNITED STATES FOR AN ORDER
TO SHOW CAUSE WHY DEFENDANT AMERICAN BAR ASSOCIATION
SHOULD NOT BE FOUND IN CIVIL CONTEMPT**

The United States of America, by its attorneys, acting under the direction of the Attorney General of the United States, presents this Petition for an order requiring Defendant, the American Bar Association, to show cause why it should not be found in civil contempt for multiple violations of the Final Judgment entered in this action in 1996 and modified in 2001.  The United States represents as follows:

**I.
THE DEFENDANT**

1.   Defendant American Bar Association (the "ABA") is a national association for lawyers and the world's largest professional association.  It is a voluntary membership organization structured as an Illinois not-for-profit corporation with its principal place of business in Chicago.

## II.
## JURISDICTION OF THE COURT

2. This Court has jurisdiction under its inherent power to enforce its orders. In addition, Section XI of the Final Judgment provides:

> Jurisdiction is retained by this Court for the purpose of enabling either of the parties to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify or terminate any of its provisions, to enforce compliance, and to punish violations of its provisions.

## III.
## BACKGROUND

3. The ABA's Council of the Section of Legal Education and Admissions to the Bar (the "Council") is recognized by the United States Department of Education to accredit programs that lead to the first professional degree in law. The Council is the only national accrediting body for law schools. Every jurisdiction in the United States permits graduates of ABA-accredited law schools to sit for the bar exam, and most jurisdictions require those sitting for their bar exams to have graduated from ABA-accredited law schools.

4. The ABA promulgates Standards for the Approval of Law Schools (the "Standards") which set forth requirements for accreditation. In addition, the ABA promulgates Interpretations, which illustrate how the Standards are to be applied, and Rules of Procedure, which govern proceedings in which the Standards are applied.

5. The ABA's Section of Legal Education and Admissions to the Bar (the "Section") administers law school accreditation. The Council governs the Section and has supervisory authority on all accreditation matters. The Section's Standards Review Committee considers revisions to the Standards and Interpretations and recommends such changes to the Council.

Applying the Standards, the Accreditation Committee determines whether law schools merit accreditation and periodically reviews their accreditation status. Decisions of the Accreditation Committee may be appealed to the Council. The Council has ultimate authority over proposed revisions to the Standards, Interpretations and Rules of Procedure and over appeals from the Accreditation Committee.

6. On June 27, 1995, the United States filed this civil action, alleging that the ABA's accreditation activities violated Section 1 of the Sherman Act, 15 U.S.C. § 1. The Complaint alleged that the ABA had allowed the accreditation process to be misused for anticompetitive purposes by law school personnel with direct economic interests in the outcomes. The Complaint further alleged, *inter alia*, that the ABA fixed faculty salaries and compensation; boycotted state-accredited law schools by prohibiting ABA-approved schools from accepting transfer credits from state-accredited schools or enrolling the graduates of such schools in post-J.D. programs; and boycotted for-profit law schools.

7. On June 25, 1996, the Court entered an agreed-upon Final Judgment requiring the ABA to reform its law-school accreditation processes substantially. A copy of the Final Judgment is attached as Exhibit 1. Section IV of the Final Judgment prohibits the ABA from fixing salaries or sharing information about the compensation of law school employees and from boycotting state-accredited and for-profit law schools. Section VI requires structural changes in the ABA's accreditation process, including limits on the composition of the Standards Review and Accreditation Committees and the establishment of various reporting requirements. Section VIII requires the ABA to maintain an antitrust and consent decree compliance program and to designate an Antitrust Compliance Officer to be responsible for various specified activities. Section IX requires the ABA, *inter alia*, to certify annually that it has complied with the provisions of Section

VIII. Section X permits the Department of Justice to inspect records and conduct interviews to determine and secure compliance with the Final Judgment.

8. Certain provisions in the Final Judgment reflected that the House of Delegates possessed the ultimate authority within the ABA concerning accreditation when the Final Judgment was entered by this Court. Subsequently, the Department of Education determined that this arrangement did not conform to statutory and regulatory requirements. *See* 20 U.S.C. § 1099(b) (1998) and 34 C.F.R. § 602.3 (1999). The ABA then sought modification of Sections VI and VIII of the Final Judgment to permit the House of Delegates only to review the Council's accreditation decisions and revisions to the Standards, Interpretations and Rules of Procedure and remand them for further proceedings, leaving ultimate authority with the Council. The Department of Justice consented to the proposed modifications. On February 6, 2001, the Court entered the agreed-upon Modification Of Final Judgment, a copy of which is attached as Exhibit 2.

9. The structural provisions in Sections VI and VIII of the Final Judgment ensure that the law school accreditation process is governed by persons other than those with a direct economic interest in its outcome, that the process is brought more into public view, and that the ABA complies fully with the requirements of Section IV.

## IV.
## VIOLATIONS OF THE FINAL JUDGMENT

10. The United States conducted a five-month investigation of the ABA's failure to comply with the Final Judgment. Through this investigation, the United States has determined that the ABA has not complied with certain provisions in Sections VI, VIII and IX of the Final Judgment, as modified.

11. Section VI(E)(3) requires that no more than half of the members of the Standards Review

Committee be law school deans or faculty. In 2005-06, more than half of the members of the Standards Review Committee were law school deans or faculty, in violation of Section VI(E)(3).

12. Section VI(G)(1) requires "that each site evaluation team include, to the extent reasonably feasible . . . one university administrator who is not a law school dean or faculty member . . . ." Certain ABA staff responsible for forming site evaluation teams decided not to apply the requirements of Section VI(G)(1) to teams sent to law schools that are not affiliated with a university, and in multiple years did not attempt to include university administrators who were not law school deans or faculty members on such site evaluation teams, in violation of Section VI(G)(1).

13. Until 2001, Section VIII(D) of the Final Judgment required the ABA to provide the Department of Justice with "a copy of all proposed changes to the Standards, Interpretations and Rules before they are acted on by the House of Delegates, and a copy of all Standards, Interpretations and Rules adopted by the House." As modified in 2001, Section VIII(D) requires the ABA to provide the United States with "a copy of all proposed changes to the Standards, Interpretations, and Rules before they are acted on by the Council, and a copy of all Standards, Interpretations and Rules adopted by the Council." Since 1996, the ABA on multiple occasions failed to provide notices of proposed and adopted changes to the United States as required by Section VIII(D).

14. Section VIII(E) of the Final Judgment requires the ABA to give an annual briefing "on the meaning and requirements of this Final Judgment" to all members of the Council, Accreditation Committee and Standards Review Committee, certain ABA staff, and site evaluation workshop participants. On multiple occasions, the ABA failed to provide the briefings required by Section VIII(E).

15. Section VIII(F) of the Final Judgment mandates that the ABA obtain from all members of the Council, the Accreditation Committee and the Standards Review Committee, and certain ABA staff, an annual written certification that each person has read, understood, and agreed to abide by the terms of Final Judgment and is not aware of any violations he or she has not reported to the Antitrust Compliance Officer. On multiple occasions, the ABA failed to obtain the certifications required by Section VIII(F).

16. Section IX(B) requires that each year, on or before June 25, the ABA certify to the Court and the United States whether the ABA has complied with the provisions of Section VIII. The ABA did not certify compliance in a timely matter from 2000 through 2005.

17. Through the actions described above, the ABA on multiple occasions violated clear and unambiguous provisions of the Final Judgment and should be held in civil contempt of this Court.

18. In the course of its investigation, the United States incurred attorneys' fees and other costs.

## V.
## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court enter an Order directing the American Bar Association to appear before this Court at a time and place to be fixed in said Order, to show cause why it should not be adjudged in civil contempt of this Court, and requests the following relief:

(1) that the American Bar Association be found in civil contempt for the violations of the Final Judgment described above;

(2) that the American Bar Association be ordered to comply with the Final Judgment;

(3) that the United States be awarded reasonable costs and attorneys fees incurred in investigating the American Bar Association's violations of the Final Judgment and in filing this Petition; and

(4) such other relief as the Court may deem appropriate.

Dated: 6/23/06                                    Respectfully submitted,

*[signature]*                                     *[signature]*
THOMAS O. BARNETT                                 ROBERT P. MAHNKE
Assistant Attorney General

                                                  *[signature]*
*[signature]*                                     JESSICA N. BUTLER-ARKOW
DAVID L. MEYER                                    (D.C. Bar. No. 430022)
Deputy Assistant Attorney General
                                                  *[signature]*
*[signature]*                                     PATRICIA A. BRINK
J. ROBERT KRAMER II
Director of Operations and Civil Enforcement
                                                  *[signature]*
*[signature]*                                     MARY N. STRIMEL
JAMES J. TIERNEY                                  (D.C. Bar. No. 455303)
Chief, Networks and Technology Enforcement
Section                                           *[signature]*
(D.C. Bar No. 434610)                             DAMON J. KALT
                                                  U.S. Department of Justice
*[signature]*                                     Antitrust Division
SCOTT A. SCHEELE                                  600 E Street, N.W.
Assistant Chief, Networks and Technology          Suite 9500
Enforcement Section                               Washington, D.C.   20530
                                                  Tel.: (202) 307-6200
                                                  Fax: (202) 616-8544

CERTIFICATE OF SERVICE

       On June 23, 2006, I caused a copy of the Petition By The United States For An Order To Show Cause Why Defendant American Bar Association Should Not Be Found In Civil Contempt to be served by facsimile and first-class mail upon:

American Bar Association:
David L. Roll, Esquire
Robert W. Fleishman, Esquire
Thomas M. Barba, Esquire
Jamie D. Underwood, Esquire
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C.   20036
fax (202/429-3902)

David T. Pritikin, Esquire
Sidley & Austin
One First National Plaza
Chicago, Illinois   60603
fax (312/853-7036)

Darryl L. DePriest, Esquire
American Bar Association
541 N. Fairbanks Court
Chicago, Illinois   60611-3314
fax (312/988-5217)

I also caused a courtesy copy to be served by first-class mail and facsimile upon:

Massachusetts School of Law:
Lawrence R. Velvel, Esquire
Massachusetts School of Law
500 Federal Street
Andover, Massachusetts   01810
fax (978/681-6330).

_____
JESSICA N. BUTLER-ARKOW