IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 95-1211 (RCL) |
| v. | ) ) | Judge Royce C. Lamberth |
| AMERICAN BAR ASSOCIATION, | ) ) | |
| Defendant. | ) ) ) | |

**STIPULATION FOR ENTRY OF ORDER**

WHEREAS the Court entered an agreed-upon Final Judgment in this action on June 25, 1996, and entered an agreed-upon Modification Of Final Judgment on February 6, 2001; and

WHEREAS the United States of America has conducted an investigation regarding the American Bar Association's ("ABA") compliance with certain provisions of the Final Judgment, as modified, including Sections VI(E)(3), VI(G)(1), VIII(D), VIII(E), VIII(F), and IX(B); and

WHEREAS the United States alleges that the ABA has not complied with the aforementioned provisions, as stated in the United States' Petition For An Order To Show Cause Why Defendant American Bar Association Should Not Be Found In Civil Contempt (the "Petition"), filed herewith; and

WHEREAS the ABA desires in good faith to rectify outstanding compliance issues known to it and to resolve any further concerns related thereto; and

WHEREAS the ABA acknowledges that it has not complied with certain provisions of the Final Judgment; and

WHEREAS the United States and the ABA agree upon a resolution of this matter;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties that:

1. This Court has jurisdiction over the subject matter of this action and each of the parties to this action under the Court's inherent power to enforce compliance with its orders and Section XI(B) of the Final Judgment.

2. The ABA did not comply with clear provisions of the Final Judgment as follows:

    a. Section VI(E)(3) of the Final Judgment requires that no more than half of the members of the ABA's Standards Review Committee be law school deans or faculty. During the 2005-06 term, more than half of the members of the Standards Review Committee were law school deans or faculty.

    b. Section VI(G)(1) requires "that each site evaluation team include, to the extent reasonably feasible . . . one university administrator who is not a law school dean or faculty member . . . ." In multiple years, the ABA did not make efforts to include university administrators who were not law school deans or faculty members on site evaluation teams sent to certain law schools that were not affiliated with a university.

    c. Until 2001, Section VIII(D) required the ABA to "provid[e] the United States, during the term of the Final Judgment, a copy of all proposed changes to the Standards, Interpretations and Rules before they are acted on by the House of Delegates, and a copy of all Standards, Interpretations and Rules adopted by the House." As modified in 2001, Section VIII(D) requires the ABA to provide the United States "a copy of all proposed

    changes to the Standards, Interpretations, and Rules before they are acted on by the Council, and a copy of all Standards, Interpretations and Rules adopted by the Council." On multiple occasions since 1996, the ABA did not provide notice of proposed and adopted changes to the United States.

  d. Section VIII(E) requires the ABA to give an annual briefing "on the meaning and requirements of th[e] Final Judgment" to all members of the Council, Accreditation Committee and Standards Review Committee, certain ABA officers and staff, and site evaluation workshop participants. On multiple occasions, the ABA did not provide such annual briefings.

  e. Section VIII(F) requires the ABA to obtain from all members of the Council, the Accreditation Committee and Standards Review Committee, and certain ABA officers and staff an annual written certification that each person has read, understood, and agreed to abide by the terms of the Final Judgment and is not aware of any violations he or she has not reported to the Antitrust Compliance Officer. On multiple occasions, the ABA did not obtain such certifications.

  f. Section IX(B) requires that the ABA "shall certify annually to the Court and the United States whether the ABA has complied with the provisions of Section VIII" of the Final Judgment. The ABA did not certify compliance in a timely matter in each year from 2000 through 2005.

3. The [Proposed] Order in the form attached may be entered by the Court on the Court's own motion or the motion of the United States at any time, and without further notice to any party or any proceeding.

4. The parties' execution of this Stipulation and entry of the [Proposed] Order discharges and settles any and all claims of the United States against the ABA arising out of the violations of Sections VI(E)(3), VI(G)(1), VIII(D), VIII(E), VIII(F), and IX(B) of the Final Judgment, as modified, from June 25, 1996 to the date of this Stipulation, as alleged in the Petition.

5. Neither this Stipulation nor the [Proposed] Order shall be construed to preclude the United States from bringing an action or seeking relief against the ABA for any violations of the Final Judgment other than the violations described in Paragraph 4 above.

6. In the event the United States withdraws its consent, or if the [Proposed] Order is not entered pursuant to this Stipulation, this Stipulation shall be of no effect whatever, the making of it shall be without prejudice to any party in this or any other proceedings, and it shall not thereafter be used in this or any other action, or for any other purposes.

Dated:

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA:

/s/ Robert P. Mahnke

ROBERT P. MAHNKE
JESSICA N. BUTLER-ARKOW
(D.C. Bar No. 430022)
PATRICIA BRINK
MARY N. STRIMEL
(D.C. Bar. No. 455303)
DAMON J. KALT
U.S. Department of Justice
Antitrust Division
600 E Street, N.W.
Suite 9500
Washington, D.C.  20530
Tel.: (202) 307-1027
Fax: (202) 616-8544

FOR DEFENDANT
AMERICAN BAR ASSOCIATION:

/s/ David L. Roll

DAVID L. ROLL
(D.C. Bar No. 188763)
ROBERT W. FLEISHMAN
(D.C. Bar No. 175562)
THOMAS M. BARBA
(D.C. Bar No. 414280)
JAMIE D. UNDERWOOD
(D.C. Bar No 471614)
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Tel.: (202) 429-6240
Fax: (202) 429-3902

CERTIFICATE OF SERVICE

      On June 23, 2006, I caused a copy of the Stipulation For Entry Of Order to be served by facsimile and first-class mail upon:

<u>American Bar Association</u>:
David L. Roll, Esquire
Robert W. Fleishman, Esquire
Thomas M. Barba, Esquire
Jamie D. Underwood, Esquire
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
fax (429-3902)

David T. Pritikin, Esquire
Sidley & Austin
One First National Plaza
Chicago, Illinois  60603
fax (312/853-7036)

Darryl L. DePriest, Esquire
American Bar Association
541 N. Fairbanks Court
Chicago, Illinois  60611-3314
fax (312/988-5217)

I also caused a courtesy copy to be served by first-class mail and facsimile upon:

<u>Massachusetts School of Law</u>:
Lawrence R. Velvel, Esquire
Massachusetts School of Law
500 Federal Street
Andover, Massachusetts  01810
fax (978/681-6330).

_____
JESSICA N. BUTLER-ARKOW