IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>)<br>            Plaintiff,        )<br>)<br>        v.                        )<br>)<br>AMERICAN BAR ASSOCIATION,     )<br>)<br>            Defendant.       )<br>                                          ) | Civil Action No. 95-1211 (RCL)<br><br>Judge Royce C. Lamberth |

## [PROPOSED] ORDER

WHEREAS the United States filed its Petition For An Order To Show Cause Why Defendant American Bar Association Should Not Be Found In Civil Contempt (the "Petition"), on June 23, 2006; and

WHEREAS the American Bar Association ("ABA") has consented to the entry of this Order without this Order constituting any evidence against or an admission by the ABA with respect to any allegation contained in the Petition, except as set forth below and in the Stipulation for Entry of Order; and

WHEREAS the ABA has stipulated to be bound by the provisions of this Order;

NOW, THEREFORE, upon the consent of the parties hereto, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

The Court finds that on multiple occasions the ABA has violated clear and unambiguous provisions of the Final Judgment in this action, as modified, and orders the ABA to comply with the Final Judgment until its expiration.

The Court further finds that through its violations of the Final Judgment, as modified, the ABA caused the United States to incur attorneys' fees and costs.

The ABA shall pay $185,000 to the United States in compensation for attorneys' fees and costs related to the investigation of the violations alleged in the Petition and in the filing of the Petition. Such payment shall be made by wire transfer or cashier's check. If the payment is made by wire transfer, the ABA shall contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions before making the transfer. If payment is made by cashier's check, the check shall be made payable to the United States Department of Justice and delivered to:

>Janie Ingalls
>United States Department of Justice
>Antitrust Division, Antitrust Documents Group
>325 7th Street, N.W.
>Suite 215 North
>Washington, DC  20530

The ABA shall pay the full amount within thirty (30) days of entry of this Order. In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Order to apply to this Court for further orders and directions as may be necessary or appropriate to carry out or construe this Order, for the enforcement of compliance herewith, and for the punishment of any violations hereof.

So Ordered.

_____
Hon. Royce C. Lamberth
United States District Judge

Dated: _____, 2006

CERTIFICATE OF SERVICE

    On June 23, 2006, I caused a copy of the [Proposed] Order to be served by facsimile and first-class mail upon:

<u>American Bar Association</u>:
David L. Roll, Esquire
Robert W. Fleishman, Esquire
Thomas M. Barba, Esquire
Jamie D. Underwood, Esquire
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C.   20036
fax (429-3902)

David T. Pritikin, Esquire
Sidley & Austin
One First National Plaza
Chicago, Illinois   60603
fax (312/853-7036)

Darryl L. DePriest, Esquire
American Bar Association
541 N. Fairbanks Court
Chicago, Illinois   60611-3314
fax (312/988-5217)

I also caused a courtesy copy to be served by first-class mail and facsimile upon:

<u>Massachusetts School of Law</u>:
Lawrence R. Velvel, Esquire
Massachusetts School of Law
500 Federal Street
Andover, Massachusetts   01810
fax (978/681-6330).

_____
JESSICA N. BUTLER-ARKOW